IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VASHITA L. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-17-1200-STE |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **AFFIRMS** the Commissioner's decision.

### I.  PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's application for benefits. (TR. 17, 114-118, 119-122, 128-130, 131-133). Following an administrative hearing, Administrative Law Judge (ALJ) Kim D. Parrish issued an unfavorable decision on December 27, 2016. (TR. 17-27). The Appeals Council (AC)

denied Plaintiff's request for review on September 6, 2017. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. See Fischer-Ross v. Barnhart, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of April 1, 2014[1]. (TR. 19). At step two, the ALJ determined that Ms. Smith had the severe medically determinable impairments of degenerative disc disease, fibromyalgia, affective disorder, anxiety disorder with panic attacks, and substance abuse disorder. (TR. 19). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR. 19).

The ALJ next determined that Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant is able to occasionally stoop and frequently handle objects. She can understand, remember, and carry out simple instructions but not detailed instructions and only occasionally interact with the public.

(TR. 21). At step four, the ALJ relied upon vocational expert (VE) testimony to find that Plaintiff could not perform her past relevant work. (TR. 26, 51). At step five, the ALJ

---

[1] The record identifies several different dates as Plaintiff's alleged onset date. Plaintiff initially alleged a disability onset date of July 3, 2010. (TR. 188, 195, 232). At the hearing, and elsewhere in the record, Plaintiff alleged a disability onset date of March 24, 2015. (TR. 35, 58, 71, 87, 101, 260, 270).

presented several limitations to the VE to determine whether there were other jobs in the national economy that Plaintiff could perform given her RFC. (TR. 50-51). Given these limitations, the VE identified three jobs from the Dictionary of Occupational Titles (DOT) that Plaintiff could perform, those of housekeeping cleaner, merchandise marker, and label coder. (TR. 26-27, 50-51).

### III. ISSUES PRESENTED

On appeal, Plaintiff alleges that the ALJ (1) failed to sustain her burden at step five of the sequential evaluation process by finding that Plaintiff could perform jobs at reasoning level two, which exceeds Plaintiff's assessed RFC, and (2) incorrectly found that Plaintiff could perform jobs at step five because Plaintiff could not perform the frequent reaching and handling required by the three jobs cited by the VE at step five. (ECF No. 20:5-9).

### IV. STANDARD OF REVIEW

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## V. THE ALJ'S STEP FIVE EVALUATION

Plaintiff argues that the ALJ erred by finding that Plaintiff could perform other work as a merchandise marker and a label coder. (ECF No. 20:5). Plaintiff contends that both jobs require a reasoning level of two[2], and that the ALJ's RFC contains mental limitations "incompatible" with this reasoning level. *Id.* at 6. Plaintiff reasons that she cannot perform the jobs of merchandise marker and label coder because her RFC limits her to performing "simple instructions but not detailed instructions." *Id.* Plaintiff further notes that she only has a 9th grade education and never obtained a GED. *Id.*

Plaintiff is correct that in comparing her RFC with the requirements of jobs with a reasoning level of two, it is unlikely that she would be able to perform the mental requirements associated with the jobs of merchandise marker and label coder. Commissioner appears to concede Plaintiff's argument but contends that even if these two jobs were eliminated, this constitutes harmless error because Plaintiff could still perform the job of housekeeper cleaner, for which there exist 136,000 jobs in the national economy. (ECF No. 22:10-11). A finding of harmless error is appropriate when the court can "confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen v. Barnhart*, 357 F.3d 1140, 1144 (10th Cir. 2004).

---

[2] The DOT includes a General Education Development (GED) Scale composed of three divisions: (1) reasoning development; (2) mathematical development; and (3) language development. *See* DOT, Appendix C, Components of the Definition Trailer, 1991 WL 688702. The GED "embraces those aspects of education (formal and informal) which are required of the worker for satisfactory job performance." *Id*. The reasoning component includes six levels. Level two, at issue here, requires the ability to "Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." *Id.*

Tenth Circuit case law is clear that even if the ALJ mistakenly included at step five jobs whose requirements exceed a Plaintiff's RFC, this constitutes harmless error if there remained a significant number of jobs available in the national economy that Plaintiff could perform. *See Raymond v. Astrue*, 621 F.3d 1269, 1274 (10th Cir. 2009) (upholding ALJ's reliance on VE testimony where, even assuming two of the three jobs relied upon by the ALJ were erroneous, substantial evidence showed claimant could do the third job, which existed in significant numbers in the national economy); *see also Chrismon v. Colvin*, 531 F. App'x at 899-900 (10th Cir. 2013), *Evans v. Colvin*, 640 F. App'x 731, 736 (10th Cir. 2016) (recognizing that the Tenth Circuit has held that an ALJ's erroneous inclusion of some jobs to be harmless error where there remained a significant number of other jobs in the national economy).

The dispositive question here with respect to the harmless error analysis is whether 136,000 jobs constitutes a "significant" number of jobs. The Tenth Circuit has never drawn a bright line establishing the number of jobs necessary to constitute a significant number. *Botello v. Astrue*, 376 F. App'x 847, 850 (10th Cir. 2010), citing *Trimiar v. Sullivan*, 966 F.2d 1326, 1330 (10th Cir. 1992). However, the Tenth Circuit has allowed that the question of determining numerical significance entails many fact-specific considerations, and should "ultimately be left to the ALJ's common sense in weighing the statutory language as applied to a particular claimant's factual situation." *Id.*, *citing Jenkins v. Bowen,* 861 F.2d 1083, 1087 (8th Cir.1988) (internal citations omitted). Citing a list of factors put forward by the Eighth Circuit, the Tenth Circuit found in *Trimiar* that a number of factors "go into the proper evaluation of significant numbers":

5

> A judge should consider many criteria in determining whether work exists in significant numbers, some of which might include: the level of claimant's disability; the reliability of the vocational expert's testimony; the distance claimant is capable of travelling to engage in the assigned work; the isolated nature of the jobs; the types and availability of such work, and so on.

*Id.* In reviewing the hearing transcript and the decision, it is clear that the ALJ properly considered these factors. During the administrative hearing and in the subsequent decision, the ALJ questioned Plaintiff concerning her physical and mental impairments, and evaluated the severity of these impairments in assessing the RFC and in reaching a final decision. (TR. 21-26, 35-47). The ALJ also considered Plaintiff's capacity to travel to work by eliciting testimony concerning Plaintiff's inability to drive an automobile due to her physical and mental symptoms. (TR. 39). The ALJ gave due consideration to the relevant education and experience of the vocational expert, posed hypotheticals to the VE concerning Plaintiff's residual functional capacity, and questioned the VE regarding her conclusion that Plaintiff could perform work that existed in significant numbers in the national economy. (TR. 49-52).

There may be times when the number of remaining jobs is "small enough to put the issue in a gray area" and where it is better for the Social Security Administration to address the question in the first instance. *Allen*, 357 F.3d at 1145; *see also Quintana v. Colvin*, 2015 WL 4664980 (D. Kansas, August 6, 2015) (summarizing Tenth Circuit jurisprudence and noting that the Tenth Circuit determined that the ALJ committed harmless error when the court found that the remaining number of jobs regionally range from 11,000 to 17,500 and nationally range from 152,000 to 215,000).

While there may be a degree of uncertainty on this question, Tenth Circuit case law indicates that 136,000 available jobs appears to constitute a "significant" number of jobs for purposes of Social Security regulations. *See e.g., Stokes v. Astrue,* 274 Fed.Appx. 675, 684 (10th Cir.2008) (finding only 152,000 jobs in the national economy sufficient); *Chrismon v. Colvin*, 531 Fed.Appx. 893, 899–900 (10th Cir.2013) (finding 212,000 jobs sufficient); *Evans v. Colvin*, 640 F. App'x at 736-737 (finding that Commissioner was "substantially justified in arguing that 18,831 remaining jobs in the national economy was sufficient for the application of harmless error"); *Lynn v. Colvin*, 637 F. App'x 495, 499 (10th Cir. 2016) (finding 24,900 jobs available throughout the nation to be significant); *Hill v. Colvin*, No. CIV-13-1232-HE, 2015 WL 1412581, at *7 (W.D. Okla. Mar. 26, 2015) (affirming where ALJ found 47,700 nationally available jobs constituted a significant number); *see also Trimiar*, 966 F.2d at 1332 (noting that courts need not "strain at numbers" when deciding whether an ALJ's findings concerning what constitutes a "significant" number of jobs if the ALJ's decision is otherwise supported by substantial evidence).

Persuasive authority from other circuits suggests that far fewer than 152,000 remaining jobs can constitute a "significant" number of jobs. *See Sears v. Berryhill*, 2018 WL 2002487 (D.N.M. April 30, 2018), *citing Gutierrez v. Comm. of Social Sec.*, 740 F.3d 519, 528-29 (9th Cir. 2014) (noting that it was "a close call," but affirming an ALJ's determination that 25,000 national jobs is a significant number); *Long v. Chater*, 108 F.3d 185, 188 (8th Cir. 1997) (affirming an ALJ's determination that 30,000 national jobs is a

significant number). As such, the ALJ's findings at step five of the sequential evaluation are supported by substantial evidence.

## VI. ALJ's EVALUATION OF REACHING AND HANDLING LIMITATIONS

Plaintiff argues that the ALJ failed to meet her burden at step five of the sequential evaluation because Plaintiff cannot perform the frequent reaching and handling limitations required by the jobs cited by the VE. (ECF No. 20:7). Plaintiff cites her complaints of numbness and tingling in her extremities, examinations showing decreased grip strength in her right hand, muscle weakness and tightness in her arms and shoulder, and the sensation that her arm "gives way." *Id.* at 7-8. Plaintiff argues that these symptoms necessitate an RFC restriction to only occasional reaching, handling, and fingering, "especially in the right hand and arm." *Id.* at 8. Plaintiff argues that her symptoms are exacerbated by the side effects of her medication, which makes her tired, and which in turn makes "her drop things, adding to an already weakened right arm and hand." *Id.* Plaintiff further claims that the muscle relaxants she takes exacerbate her fatigue. *Id.*

Tenth Circuit case law is clear that an ALJ is not required to include in the RFC limitations "claimed by plaintiff but not accepted by the ALJ as supported by the record." *See Bean v. Chater*, 77 F.3d 1210, 1214 (10th Cir. 1995); *see also Smith v. Colvin*, 821 F.3d 1264, 1270 (10th Cir. 2016) ("The administrative law judge had to ask only about the effect of those limitations ultimately assessed; the judge did not need to ask about the effect of limitations that he didn't believe applied."). Here, the ALJ found that Plaintiff was limited to frequently handling objects but did not assess any of the other limitations

8

suggested by Plaintiff. (TR. 21). In assessing Plaintiff's subjective allegations, the ALJ cited "relatively mild medical findings" and found inconsistencies with respect to Plaintiff's allegations concerning her hands. *Id.* at 25.

No acceptable medical sources have opined that Plaintiff's physical impairments would necessitate the type of limitations suggested by Plaintiff. The only medical opinions in the record concerning Plaintiff's physical impairments were rendered by State agency physicians Janet Rodgers, MD, and Donald Baldwin, MD, who both assessed Plaintiff as being to perform medium work with occasional stooping. (TR. 65-66, 78-79, 94-95, 108-109). The ALJ assigned these opinions "limited weight", giving Plaintiff the benefit of the doubt and finding that light work would be more suited to Plaintiff's capabilities. *Id.* at 25.

Accepting Plaintiff's interpretation of the record would amount to re-weighing the evidence and substituting the court's judgment for that of the Commissioner in a manner inconsistent with Tenth Circuit case law. *See Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008); *see also Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo."). As such, the ALJ's decision is supported by substantial evidence.

**ORDER**

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **AFFIRMS** the Commissioner's decision.

ENTERED on October 5, 2018.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE